Allen, J.
delivered the opinion of the court.
The court is of opinion that Elizabeth C. Peyton claiming to be a creditor of John Peyton’s estate, in the year 18%7, became a party to the suit of Robert O. Grayson and Benjamin Grayson against the administrators of said John Peyton, deceased, the securities of those administrators and the administrators of John Morrow, who was one of those securities; that this suit was in the nature of a suit on the administration bond, seeking to charge the administrators of John Peyton, deceased, with a debt, and the securities of said administrators with a devastavit; and in that suit it was competent for her to sue the administrators of John Morrow, who was a security of the administrators of John Peyton, according to the terms of the 63d section of the act concerning executors and administrators, 1 R. C. ch. 104, which gives the right to prosecute a suit against *450 the administrators and their securities, or the executors and administrators of either of them, upon the official bond; but that in such action on the administration bond given by the administrators of John Peyton, deceasedj i* would not have been regular to have joined the sureties in the administration bond given by the administrators of said Morrow, who was one of the securities in the bond given by said Peyton’s administrators. The liability of said Morrow as a surety to the plaintiff was contingent, and of the sureties of his administrators still more so. It would not have been regular, in the administrators of said Morrow, to have applied the assets of their intestate to pay the plaintiff’s claim until it had been first ascertained, that the plaintiff was a creditor of John Peyton’s estate, and secondly, that his administrators had committed a devastavit, for which their securities were liable. These facts were ascertained by the decree pronounced on the 1st May 1830. This decree, first ascertaining the liability of said Morroio, authorized his administrators to apply the assets of his estate to the discharge thereof. If they had then so applied the assets of Morroio’s estate, there would have been no breach of the condition of their administration bond. Until the plaintiff had established her claim to satisfaction out of those assets, she had no right to sue the securities on the bond for the faithful administration thereof. The failure and refusal so to apply Morrow’s assets after her right to satisfaction thereout was ascertained, constituted a breach of the condition of their bond, and gave her cause of action. The court is therefore of opinion, that the recovery is not barred by the act, passed March 8th, 1826, for the limitation of actions against persons acting in a fiduciary character.
The court is further of opinion, that decrees in chancery equally with judgments at law, are embraced within the meaning of the 63d section of the act concerning executors and administrators, and that, accordingly, it *451 was decided by this court in the case of Bush v. Beale, ante, p. 229, that after a decree and a return of nulla bona on an execution, an action might be maintained on the administration bond.
The court is further of opinion, that there was no error in omitting to direct a resettlement of the accounts of Peyton’s administrators at the suit of these securities. They were not interested in the controversy between the plaintiff and said administrators. They wore bound for the proper administration of Morroto’s estate. The administrators were the proper parties to controvert the liability of their intestate. The decree of 1830 did not establish any debt from their principals, the administrators of Morrow, but from Morrow himself, and enabled their principals to apply the assets properly, the only question in which they were interested; it was immaterial to these securities whether the assets of Morrow’s estate were paid to creditors or distributees, so they were faithfully applied. And the question whether the plaintiff had properly established her claim against Peyton’s administrators and Morrow their security, was one in which they had no interest.
The court is further of opinion, that under any view of the case, the decree would be treated as prima facie correct, and under the circumstances disclosed here, after their principals had sought to impeach the decree by bill of review and failed, and they themselves after alleging the same objections taken by their principals in their bill of review, had failed to exhibit any evidence in support thereof, there was no error in the omission of the court to direct an account of the administration of John Peyton’s estate.
The court is, therefore, of opinion, there is no error against the appellants.
But the court is of opinion, that there is error as against the appellee, in this, that interest was not charged against the administrators for the sums paid the distri *452 butees. The assets are first to be applied to the payment of the debts, and it is not competent for the administrators, by a voluntary payment to the distributees, and without taking a refunding bond, to lessen the am0u.nt of the assets. That the condition of a refunding bond to refund due proportions of any debts or demands, would have bound the distributees to have accounted for the sums received, with interest from the time when received. And the omission of the administrators to take such refunding bonds, which, under the act of March 8, 1826, might have protected them from suit, should not place the creditors in a worse condition. The court is of opinion, that this error in the settlement of the accounts appearing on the face of the report, advantage may be taken of it without exception.
The court is further of opinion, that though it is permitted to an executor to retain for his own debt, as against debts of equal degree, there is no warrant for the doctrine that he may retain as against debts of superior dignity. In the first case, he is permitted to retain upon the principle that he cannot sue himself, but no such reason applies to the second case. The assets are to be applied in due course of administration, to the debts, according to their dignity. A failure so to apply them, subjects the executor to a devastavit in the general. But where after a certain period they are applied to the payment of debts of inferior dignity, without notice of debts of superior dignity, the application, though not in due course of administration, exempts the executor from liability, because of the laches of the creditor by debt of superior dignity, in failing to give notice of his claim before the executor has parted with the assets, or because no creditor entitled to immediate satisfaction ought to be postponed, and the assets held up to await a contingent and collateral liability, which may never be established. In such cases, the law excuses the application of the assets to debts of inferior dignity; and as *453 no recovery could be had from the creditor, who has received no more than he was entitled to, and the executor has parted with the assets in good faith, it would be unjust to hold him accountable. But these reasons do not apply to the case of retainer; the assets have not been paid away, the executor has had the use of them, he must be presumed to have retained with the knowledge of his accountability to creditors whose debts were of higher dignity. Any other rule would hold out inducements to executors and administrators to deny notice of outstanding debts of superior dignity, so as to retain for their own benefit.
The court is, therefore, of opinion, that the exceptions to the allowance of credits for various sums retained by the administrators in satisfaction of claims due to them by simple contract, should have been sustained.
The court is further of opinion, that there are other errors apparent on the face of the report, in the mode of deducting the interest upon the sums paid the distributees, and in the calculations by which the sums mentioned in the decree were arrived at, but as the opinion of the court, as already expressed, will render a restatement and remodelling of the account necessary, it is unnecessary to correct such erroneous calculations and statements at this time. The decree is, therefore, reversed, with costs to the appellees, as the parties substantially prevailing, so far as it conflicts with this opinion, and is affirmed for the residue, and the cause is remanded to the court below, for a restatement of the account of the administration on the said Morroio’s estate, and to be further proceeded in according to the principles of this decree.